IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

EDUARDO TINAJERO RODRIGUEZ,

            Petitioner,

v.                                            CIVIL ACTION NO. 2:26-cv-00122

CHRISTOPHER MASON, et al.,

            Respondents.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Petitioner's *Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241* (Document 1), the *Response to Order to Show Cause and Motion to Dismiss* (Document 16), all exhibits, and the argument presented during the show cause hearing held on February 24, 2026.

In accordance with the Court's ruling on the record, the Court **ORDERS** that the *Petition* be **GRANTED** and that the Petitioner be **RELEASED** from custody **immediately**. The Court further **ORDERS** that all of the Petitioner's personal belongings, including identification, work authorization, and any other documentation, be returned to him **upon release**. The Court **ORDERS** that the Respondents be **PROHIBITED** from re-arresting and detaining the Petitioner pending further order of this Court.[1]

---

[1] The Petitioner requested that the Court adopt this language barring re-arrest and detention, and the Respondents contended that it was over-broad and could prevent arrest or detention when legally supported. Because the Respondents continue to arrest and detain people in this district under the same circumstances and based on the same legal justifications that all four district judges to address the matter have found to be illegal and unconstitutional, the Court finds it necessary to use broader language that is not subject to interpretation. The Court concurs with the

Unlike the prior cases considered by this Court, the Respondents concede that the Petitioner falls under 8 U.S.C. § 1226(a) and is not subject to mandatory detention under 8 U.S.C. § 1225. However, that distinction in their legal argument did not alter their procedures in arresting and detaining the Petitioner, and the Court finds that this case does not present factual or legal issues that would support a different outcome or analysis than the Court's prior rulings in *Zakro Roshniashvili v. Toby Allen, et al.*, Civil Action No. 2:26-cv-93, and *Rasul Umarov v. Christopher Mason, et al.*, Civil Action No. 2:26-cv-81.[2]  Judge Goodwin issued an Order on February 23, 2026, in a case that presented the same supposed distinction, wherein he found that the Government's concession that the petitioner was detained under § 1226(a) did not impact his previous reasoning regarding jurisdiction, and the Court concurs with his analysis. *Fredy Nahun Sanchez Martinez v. Christopher Mason, et al.*, Civ. Action No. 2:26-cv-110 (S.D. W. Va. Feb. 23, 2026) (Goodwin, J.).

The Respondents presented no evidence that the Petitioner has a history of violence or serious criminal convictions, that he poses a risk of nonappearance or a danger to the community, or that he has ever been involved in gang activity.[3]  He was detained after a traffic stop, purportedly

---

Petitioners that the language this Court has used in previous orders, barring detention absent a substantial change in circumstances, provides inadequate protection due to the Respondents' lack of respect for the law.

[2] This Court's rulings in those prior cases were consistent with the opinions of the three other judges in this district to consider these issues, as well as the vast majority of judges nationally. *See, e.g.*, *Antony Segundo Larrazabal-Gonzalez v. Christopher Mason, et al.*, Civ. Action No. 2:26-cv-49, Mem. Op. (S.D. W.Va. Jan. 28, 2026) (Goodwin, J.); *Briceno Solano v. Mason*, No. 2:26-CV-00045, 2026 WL 311624, at *19 (S.D.W. Va. Feb. 4, 2026) (Johnston, J.); *Alberto Jose Simanca Gonzalez v. Carl Aldridge, et al.*, Civ. Action No. 3:26-cv-55, 2026 WL 313476 (S.D. W.Va. February 5, 2026) (Chambers, J.); *Yuri Jhoana Gutierrez Aroca and Arley Cabrera Valenzuela v. Christopher Mason, et al.*, Civ. Action No. 2:26-cv-57 (S.D. W.Va. Feb. 9, 2026) (Goodwin, J.).

[3] The Respondents did attach a document to their Response purporting to show minor convictions for marijuana possession in 2009. The Petitioner was four years old in 2009, and the Respondent indicated that the document was supplied by ICE and likely presumed to relate to the Petitioner because the individual in those records had the same name, despite the differences in birthdate, birthplace, parents' names, and immigration status. This sloppiness further validates the Court's concerns about the procedures utilized by the Respondents depriving people present in the United States of their liberty.

based on an illegible license plate on a trailer and after an officer called ICE because of his inability to speak English. The Respondents claim that the ICE officer developed probable cause to detain him based on a records check, and conversation held on the side of the highway. He was not arrested pursuant to a warrant, although the Respondents produced a warrant dated the day after his arrest. Section 1226(a) provides for arrest and detention pending a removal decision "on a warrant issued by the Attorney General." 8 U.S.C. § 1226(a). The Respondents presented no evidence that an individualized determination regarding whether the Petitioner should be detained or released pending immigration proceedings was ever made, and the documents do not reflect any inquiry into his history, family relationships, risk of nonappearance, or living situation.[4] Therefore, after careful consideration, the Court adopts the analysis contained in *Roshniashvili* and *Umarov*. For the reasons stated in those prior opinions, the Court finds that it possesses jurisdiction and that the Respondents' detention of the Petitioner without a hearing[5] is unlawful under the Immigration and Nationality Act (INA). In addition, the Court finds, for the reasons stated in *Roshniashvili* and *Umarov*, that the Respondents' detention of the Petitioner violated the Due Process Clause of the Fifth Amendment of the United States Constitution.

---

[4] The Respondents suggest that because the Petitioner signed a voluntary departure form, they ceased other immigration procedures. However, the parties agreed during the hearing that the Petitioner could withdraw the voluntary departure form, and the Petitioner challenged its legality more broadly, including noting that despite detaining the Petitioner based on his lack of fluency in English, the voluntary departure form he signed is in English. The Court finds the voluntary departure to be of little relevance to the legality of the Petitioner's detention.

[5] As indicated on the record, the Court also finds that a bond hearing before an immigration judge would not comport with due process. The Petitioner submitted two affidavits, from Jorge E. Artieda and Lawrence O. Burman (Documents 1-1 and 1-2), outlining recent observations of bond hearings and the immigration court system that indicate immigration judges who provide neutral adjudications have been removed, and bond is systematically denied after a pro forma hearing with a predetermined outcome. The Court questioned counsel for the Respondents about the affidavits during a prior hearing, and they were attached to the Petition and referenced during the instant show cause hearing, yet the Respondents still offered nothing to refute or discredit the allegations contained therein.

Having found that the Petitioner met his burden of establishing that his detention is unlawful, the Court has ordered his release. As in prior cases, and consistent with every other judge in this District, the Court finds that release is the appropriate remedy both because it is the traditional remedy in a successful habeas action for unlawful detention and because the evidence presented in this and other cases establishes that the Government would be unlikely to hold a timely bond hearing under procedures that comport with due process.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

        ENTER:    February 24, 2026

*/s/ Irene C. Berger*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA